1

2

3

4

5

6                              UNITED STATES DISTRICT COURT
                               WESTERN DISTRICT OF WASHINGTON
7                                        AT SEATTLE

8    _____
                                             )
9    HOCKERSON-HALBERSTADT, INC.,            )
                                             )        No. C03-1188L
10                          Plaintiff,       )
                                             )
     v.                                      )
11                                           )        ORDER DENYING
     COSTCO WHOLESALE CORPORATION,           )        COSTCO'S MOTION FOR
12                                           )        SUMMARY JUDGMENT
                            Defendant.       )
13   _____)

14

15                               **I.  INTRODUCTION**

16          This matter comes before the Court on a motion for summary judgment filed by

17   defendant Costco Wholesale Corporation ("Costco").  (Dkt. #39).  Plaintiff Hockerson-

18   Halberstadt, Inc. ("HHI") is the owner of United States Patent No. 4,322,895 ("the '895

19   patent"), which relates to a stabilized athletic shoe.  HHI alleges that Costco infringed on the

20   '895 patent by making, using, selling, offering for sale and/or importing men's and women's

21   Court Classic shoe models, which embody the patented invention.  Costco argues that the scope

22   of the '895 patent was impermissibly broadened during reexamination, and therefore the patent

23   is invalid as a matter of law in accordance with 35 U.S.C. § 305.

24          For the reasons set forth below, the Court denies Costco's motion.

25

26   ORDER DENYING MOTION
     FOR SUMMARY JUDGMENT

## II.  DISCUSSION

**A.     Background and Claim Language.**

The HHI patent was issued in April 1982.  The patent, for a "Stabilized Athletic Shoe," claims a shoe that provides additional stability during running.  According to the patent, the midsole design of prior-art shoes did not provide adequate stability.  To provide additional stability, the patent secured a support band to the upper rim of the midsole and the sides of the heel cup.

In 1992, a third party requested reexamination of the patent by the U.S. Patent and Trademark Office ("USPTO"), which granted the request.  HHI submitted several proposed claim amendments, and the USPTO issued a reexamination certificate in 1995.

Claim 1, as amended during reexamination, reads as follows.  Words deleted from the original claim are shown in brackets and words added during reexamination appear in italics:

> 1. An Athletic Shoe comprising a sole having a midsole [with a forefoot and heel portions] *formed of a resilient force-absorbing material*,
>
> *an outsole mounted below the midsole, said outsole being formed of a durable material for contact with a surface,*
>
> an upper mounted on the sole, the upper having a counter forming a heel cup having exterior sidewalls *with lower edges*,
>
> a support band carried on the upper rim of the midsole and secured about the sidewalls of the heel cup,
>
> said band extending upwardly and merging with the vertical midspan of the heel cup for supporting and stabilizing the heel cup relative to the sole during contact of the sole onto the surface when in use,
>
> *said midsole comprising a forefoot position and heel portion means, said heel portion means being pyramid shaped in lateral cross section with a lower rim having opposite sides which flare outwardly to locations which lie sufficiently laterally beyond the lower edges of the heel cup for substantially stabilizing the shoe during initial contact on the surface along one side of the sole,*
>
> the opposite sides of the lower rim of the heel portion *means* having a lateral width greater than the lateral width of the heel cup midspan, and
>
> the *midsole and* support band *having wall means which* inclines upwardly from the lower rim of the heel portion *means* to the heel cup midspan for resisting flexing of the [side]

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT                    -2-

*sidewalls* of *the* heel cup relative to the sole during said initial contact on the surface along one side of the sole.

**B.    Patent Owner Cannot Broaden Claims.**

35 U.S.C. § 305 states, "No proposed amended or new claim enlarging the scope of a claim of the patent will be permitted in a reexamination proceeding under this chapter." Whether amendments made during reexamination enlarge the scope of a claim is a matter of claim construction. <u>See, e.g.</u>, <u>In re Freeman</u>, 30 F.3d 1459, 1464 (Fed. Cir. 1994). Claim construction is a matter of law. <u>See</u> <u>Cybor Corp. v. FAS Tech., Inc.</u>, 138 F.3d 1448, 1456 (Fed. Cir. 1998) (en banc).

To determine whether a patentee broadened a reexamined claim under 35 U.S.C. § 305, courts consider the following:

> A claim of a reissue application is broader in scope than the original claims if it contains within its scope any conceivable apparatus or process which would not have infringed the original patent. A reissue claim that is broader in any respect is considered to be broader than the original claims even though it may be narrower in other respects.

<u>Tillotson Ltd. v. Walbro Corp.</u>, 831 F.2d 1033, 1037 n.2 (Fed. Cir. 1987) (internal citations omitted). Accordingly, a "claim is enlarged if it includes within its scope any subject matter that would not have infringed the original patent." <u>In re Freeman</u>, 30 F.3d at 1464.

**C.    Whether Claim Was Broadened.**

Costco argues that during reexamination, HHI broadened the last limitation of claim 1. Costco alleges that in the originally-issued claim, the support band was required to start from the lower rim and incline upwardly to the heel cup midspan. However, the reexamined claim is not limited to a support band that starts from the lower rim; instead, the "midsole and support band having wall means which inclines upwardly from the lower rim . . . ." Therefore, the reexamined claim allows the midsole and support band together to form a wall means that starts from the lower rim.

The Federal Circuit considered whether the '895 patent had been broadened during

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT          -3-

reexamination in <u>Hockerson-Halberstadt, Inc. v. Converse, Inc.</u>, 183 F.3d 1369 (Fed. Cir. 1999). In that case, Converse made the same argument the Costco advances, "that the reexamined claim is broader than the original claim because it only requires the wall means – not the support band – to start from the lower rim of the heel portion." <u>Id.</u> at 1373.  The <u>Converse</u> court noted that "[p]roper claim construction . . . demands interpretation of the entire claim in context, not a single element in isolation." <u>Id.</u> at 1374.  The court therefore considered the claim language as a whole to determine whether the claim had been broadened.  After analyzing all of the claim language before and after the amendment, the court concluded as follows:

> From the above analysis, an observer might conclude that the reexamination broadened the claim in one respect (by amendment of the "midsole and support band having wall means" limitation) and narrowed it in another respect (by addition of the "said heel portion means being pyramid shaped" limitation).  That situation, which would violate § 305, did not occur in this case.  These limitations do not exist independently, but rather operate together to define the same aspect of the claim.  The "pyramid shaped" limitation constrains the scope of the "wall means" limitation, preventing the overall claim from covering a shoe structure such as that shown in Fig. A.

<u>Id.</u> at 1375.  The <u>Converse</u> court found that the '895 patent had not been broadened during reexamination.

The parties disagree regarding the preclusive effect of <u>Converse</u>.  HHI argues that Costco is bound by the holding in <u>Converse</u>, even though Costco was not a party in that case, and cites a single unpublished case in support of its position.  <u>See</u> HHI's Opposition at 3 (citing <u>Phonometrics, Inc. v. Choice Hotels Int'l, Inc.</u>, 2001 U.S. App. LEXIS 23565 (Fed. Cir. 2001) (per curiam)).[1]  Costco cites more persuasive authority showing that it should not be bound by the <u>Converse</u> decision.  <u>See, e.g.</u>, <u>Allen Archery, Inc. v. Browning Mfg.</u>, 819 F.2d 1087, 1091

---

[1] The <u>Phonometrics</u> case is unpublished; however, the Federal Circuit has not designated it as not to be cited as precedent.  <u>See</u> Federal Circuit Local Rule 47.6(b) ("An opinion or order which is designated as not to be cited as precedent is one determined by the panel issuing it as not adding significantly to the body of law.  Any opinion or order so designated must not be employed or cited as precedent.").

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT                    -4-

1   (Fed. Cir. 1987) (explaining that collateral estoppel "does not bar someone charged with

2   infringement from challenging the validity of patent claims that were upheld in a prior

3   infringement suit to which it was not a party"); see also Mendenhall v. Cedarapids, Inc., 5 F.3d

4   1557, 1569 (Fed. Cir. 1993) (noting that "the factual findings and legal conclusions in [a prior

5   suit] cannot be used as a collateral estoppel against defendants who were not parties to that

6   case").  Although the Converse decision does not bind Costco, it is nevertheless persuasive

7   authority on the legal issue of whether the claim was broadened.  Mendenhall, 5 F.3d at1569-70

8   (explaining that courts can give weight to prior decisions regarding validity).

9          In Converse, the court noted, "Converse has not presented this court any other possible

10  shoe configurations that would fall within the scope of the amended claim, but would not fall

11  within the scope of the original claim.  Nor can this court conceive of any."  Converse, Inc., 183

12  F.3d at 1375.  Costco has presented drawings, which were not presented to the Converse court,

13  of three shoes which it alleges would not have infringed the original claim, but infringe the

14  amended claim.  All three drawings include a support band which starts at a point higher than

15  the lower rim.  However, the Court interpreted the "wall means" limitation to mean "that the

16  midsole and support band form a structure which must incline upwardly from the lower rim to

17  the heel cup midspan for resisting flexing of the sidewalls of the heel cup relative to the sole

18  during said initial contact on the surface along one side of the sole."  (Dkt. #30).  Because the

19  midsole and the support band *together* form the wall means, which inclines upwardly from the

20  lower rim, the support band by definition must incline upwardly starting from the lower rim.

21  Otherwise, the shoe would not be consistent with this Court's construction of the claim.

22         Furthermore, Costco's position is inconsistent with the claim specifications, which state

23  that the midsole and support band "form a structure *having substantially straight walls* inclining

24  between the vertical midspan of the heel cup and lower rim of the sole."  See '895 patent at

25  column 3, lines 29-32 (emphasis added).  In Costco's drawings representing shoes where the

26

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT              -5-

support band starts higher, the walls means is not "substantially straight." Instead, it forms an angle where it joins the support band. Accordingly, the shoes in Costco's drawings in Exhibits 3, 4 and 5 do not infringe either the original claim or the amended claim, and do not support its contention that the claim was broadened.

In sum, the Court finds that after reading the claim language as a whole, the claim was not broadened during reexamination. Because claim 1 is not invalid, dependant claims 2 and 3 are not invalid.

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES Costco's motion for summary judgment (Dkt. #39).

DATED this 9th day of May, 2005.

*Mht S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT                    -6-