UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
HOCKERSON-HALBERSTADT, INC.,       )
                                   )   No. C03-1188L
                Plaintiff,         )
       v.                          )
                                   )   ORDER REGARDING MOTION
COSTCO WHOLESALE CORPORATION,      )   TO EXCLUDE TESTIMONY
                                   )
                Defendant.         )
_____)

## I. INTRODUCTION

This matter comes before the Court on plaintiff Hockerson-Halberstadt, Inc's. ("HHI") Motion to Exclude Testimony and Supporting Memorandum (Dkt. #41). HHI seeks to exclude three of Costco Wholesale Corporation's ("Costco") witnesses from testifying at trial.

For the reasons set forth below, the Court denies HHI's motion. The Court also notes that the findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984) (explaining that a ruling *in limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Subject

ORDER REGARDING MOTION
TO EXCLUDE TESTIMONY

to these principles, the Court issues this ruling for the guidance of the parties.

## II. DISCUSSION

Late in the afternoon on February 16, 2005, the date of the discovery cut-off, Costco faxed a letter to HHI identifying three additional witnesses, Dr. Justin Wernick, Tom Rutlin, and Scott McCoubrey. The letter stated, "Additional witnesses we may wish to call in this case are listed below. Each may testify as to the use of Shoe Goo and similar products to modify shoes before the critical date of the patent." HHI's Motion at Ex. 14. Costco's expert, Ray Fredericksen, has opined that he used Shoe Goo to modify a shoe; he states that this use of Shoe Goo supports Costco's claim of obviousness.

As an initial matter, HHI implies that the three witnesses are proposed experts; however, it appears that they are fact witnesses. Their disclosure was therefore not untimely under the Court's scheduling order. Furthermore, Costco states that it disclosed the witnesses within three days after it learned of them. HHI's claim that it has been prejudiced by the late disclosure is undermined by Costco's offer to allow HHI to depose the witnesses after the close of discovery.

HHI also argues that the witnesses' testimony should be excluded because it is neither material nor relevant. HHI argues, "Testimony alone as to what someone *may* have been done [sic] or remember doing at least 26 years ago in 1978 cannot satisfy the clear and convincing evidence burden and ought to be excluded whether or not the witnesses were timely identified." HHI's Motion at 3. Costco's burden in response to this motion, however, is not to show that each witness's testimony will clearly and convincingly demonstrate that the '895 patent was obvious. Rather, Costco must only show that the testimony is relevant to the issue of obviousness, which it has done. Although testimonial evidence of invalidity must be corroborated, each witness's testimony can be corroborated by the others and by that of Mr. Fredericksen. See, e.g., Typeright Keyboard Corp. v. Microsoft Corp., 374 F.3d 1151, 1159 (Fed. Cir. 2004) ("Both physical evidence and oral testimony of a disinterested party can serve

to satisfy the corroboration requirement").

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES HHI's motion to exclude testimony (Dkt. #41).

DATED this 10th day of May, 2005.

_/s/ Robert S. Lasnik_
Robert S. Lasnik
United States District Judge

ORDER REGARDING MOTION
TO EXCLUDE TESTIMONY                -3-