UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
HOCKERSON-HALBERSTADT, INC.,            )
                                        )   No. C03-1188L
              Plaintiff,                )
     v.                                 )
                                        )   ORDER GRANTING MOTION FOR
COSTCO WHOLESALE CORPORATION,           )   LEAVE TO FILE MOTION FOR
                                        )   RECONSIDERATION; DENYING
              Defendant.                )   MOTION FOR RECONSIDERATION
_____)

This matter comes before the Court on the Motion for Leave to File Motion for Reconsideration of Claim Construction Ruling and/or for Sanctions filed by plaintiff Hockerson-Halberstadt, Inc. ("HHI") (Dkt. #101). HHI filed this motion on June 7, 2005 along with its proposed motion for reconsideration of the Court's claim construction rulings issued on May 9, 2005. HHI argues that it was unable to file its motion for reconsideration in a timely manner in part because the motion was based on the after-acquired deposition testimony of Costco's expert Ray Fredericksen, whose deposition was conducted on May 10, 2005. Given the timing of the deposition, it appears that HHI could not have filed the motion for reconsideration earlier, and the Court GRANTS the motion for leave to file the motion for reconsideration (Dkt. #101).

Having granted the motion for leave to file, the Court considers the merits of HHI's

ORDER GRANTING  MOTION FOR
LEAVE TO FILE MOTION FOR
RECONSIDERATION; DENYING
MOTION  FOR RECONSIDERATION

motion for reconsideration. HHI argues that Mr. Fredericksen's deposition testimony revealed that his previously submitted expert report contained misstatements, and Costco's counsel either misunderstood or misrepresented his opinions in its memoranda and Amended Joint Claim Chart. HHI notes that in his deposition, Mr. Fredericksen testified that his opinion of the location of the lower rim was consistent with the opinion of HHI's expert, then Mr. Fredericksen changed his mind in light of this Court's claim construction ruling. HHI requests that the Court reconsider its claim construction ruling and issue sanctions.

      The Court DENIES HHI's motion for reconsideration for two reasons. First, issues regarding the sufficiency of Mr. Fredericksen's opinion and potential sanctions for any misrepresentation thereof are better addressed in connection with HHI's pending motion to exclude his opinion. Second, HHI's motion for reconsideration is premised on an incorrect interpretation of the Court's claim construction order. With regard to the construction of the term "lower rim," HHI argues that "Costco improperly (and successfully) shifted the focus of the court's inquiry from the midsole to the outsole of the shoe." Motion for Reconsideration at p. 5. However, the claim construction order considered, and rejected, Costco's proposed construction of the lower rim that defined it as "the lowest edge of the sole of the shoe" and instead construed the lower rim as the "lowest edge or border of the heel portion *of the pyramid shaped midsole* at a point where the shoe actually touches the ground during heel contact with the surface." (Dkt. #30 at p. 6) (emphasis added). The Court's construction recognized that although the midsole itself does not touch the ground, the width measurement should be taken at the midsole directly above the widest portion of the heel where the shoe touches the ground. This finding is consistent with the claim language, prosecution history,[1] and purpose of the invention. Because

---

[1] See Dkt. #102 (HHI Ex. 2, Vol. II at p. 453); see, e.g., Southwall Techs., Inc. v. Cardinal IG Co., 54 F.3d 1570, 1576 (Fed. Cir. 1995) ("The prosecution history limits the interpretation of claim

ORDER GRANTING MOTION FOR
LEAVE TO FILE MOTION FOR
RECONSIDERATION; DENYING
MOTION FOR RECONSIDERATION    -2-

1  HHI's motion for reconsideration is based on an incorrect interpretation of the Court's prior
2  order, the motion for reconsideration is denied as moot.
3      Finally, the Court notes that HHI's motion for reconsideration demonstrates that the
4  portion of the Court's claim construction order regarding the lower rim was, regrettably, less
5  clear than intended.  To the extent that the clarification in this order alters the parties' prior
6  understandings, they may refile or withdraw any of their pending motions *in limine* no later than
7  October 7, 2005 and renote them for consideration seven judicial days thereafter.

9      DATED this 29th day of August, 2005.

*[signature]*
Robert S. Lasnik
United States District Judge

---

terms so as to exclude any interpretation that was disclaimed during prosecution").

ORDER GRANTING MOTION FOR
LEAVE TO FILE MOTION FOR
RECONSIDERATION; DENYING
MOTION FOR RECONSIDERATION     -3-