UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                        )
HOCKERSON-HALBERSTADT, INC.,                            )
                                                        )           No. C03-1188L
                                Plaintiff,              )
                                                        )
        v.                                              )
                                                        )           ORDER GRANTING MOTION
                                                        )           TO EXCLUDE EVIDENCE OF
COSTCO WHOLESALE CORPORATION,                           )           CONFIDENTIAL DOCUMENTS
                                                        )
                                Defendant.              )
_____)

## I.  INTRODUCTION

This matter comes before the Court on a motion *in limine* filed by defendant Costco Wholesale Corporation ("Costco").  (Dkt. #71).  Costco seeks to preclude plaintiff Hockerson-Halberstadt, Inc. ("HHI") from offering expert testimony and expert reports relying on purportedly confidential license agreements not produced to Costco.

For the reasons set forth below, the Court grants Costco's motion.  The Court also notes that the findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented.  See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984) (explaining that a ruling *in limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer.  Indeed even if nothing unexpected happens at trial, the district judge is

ORDER GRANTING MOTION TO EXCLUDE
EVIDENCE OF CONFIDENTIAL DOCUMENTS

1  free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").  Subject

2  to these principles, the Court issues this ruling for the guidance of the parties.

3  ## II.  DISCUSSION

4  In his expert report, HHI expert Ian Whatley opined that a reasonable royalty rate would

5  be between $2.25 and $6.00 per unit.  (Dkt. #71-2).  He stated that he relied on specific

6  licensing agreements of which he was aware with royalty rates of $3.00 and $5.00 per pair.  Id.

7  at ¶ 16. Costco requested copies of the agreements in discovery,[1] but HHI did not produce them.

8  HHI states that it did not produce the license agreements because they are between third parties

9  and contain confidentiality clauses.  HHI objected to the requests because, among other reasons,

10  the request sought "confidential information."  (Dkt. #71-3 at p. 17).  Costco did not move to

11  compel or otherwise follow up on the requests.

12  Mr. Whatley did not include the license agreements with his expert report.  Cf. Fed. R.

13  Civ. P. 26(a)(2)(B) (requiring expert disclosure to include, among other things, the data or other

14  information considered in forming the opinions).  HHI argues that Costco did not request that

15  Mr. Whatley bring them to his deposition or inquire about their details during the deposition.

16  HHI states that Mr. Whatley "would have disclosed all information contained in the licenses

17  except that which would have identified the licensee if Costco had actually asked."  HHI's

18  Opposition at p. 4.

19  These facts raise issues about whether Mr. Whatley's reliance on the undisclosed license

20  agreements to support his opinion of a reasonable royalty should be excluded (1) as a discovery

21

22

23  [1] HHI argues that Costco did not "specifically" request copies of the agreements in discovery.
    Costco's discovery requests, however, were broad enough to encompass the agreements.  See Dkt. #71-
24  3, HHI's Responses to Costco's Discovery Requests (requesting all documents (1) "related to your claim
    for damages," (2) "relevant to the determination of a reasonable royalty for the alleged infringement," and
25  (3) "all license agreements that you are aware of relating to . . . the licensing of technology related to
    shoes").

26

ORDER GRANTING MOTION TO EXCLUDE
EVIDENCE OF CONFIDENTIAL DOCUMENTS        -2-

1  sanction, or (2) as unsupported by sufficient data and a reliable methodology.  Regarding the

2  first issue, the Court finds that exclusion is not warranted as a sanction.  HHI objected to the

3  discovery request, and Costco never followed up on the objection or the incomplete witness

4  disclosure.  See, e.g., In re Leap Wireless Int'l, Inc., 301 B.R. 80, 83 (S.D. Cal. 2003)

5  ("Although there is scant case law concerning *Rule 26* objections, generally, the remedy for a

6  deficient expert report is a motion to compel in advance of trial").

7          The second issue is a closer call.  The Court has previously ruled that Mr. Whatley's

8  opinion regarding the reasonable royalty rate was unsupported and conclusory, and therefore

9  must be excluded under Evidence Rule 702.  (Dkt. #78).  The prior order focused on the fact that

10 Mr. Whatley opined about a reasonable royalty, a calculation which assumes a pricing structure

11 that allows for a reasonable profit, yet he did not know what Costco's pricing structure was.

12 Presumably, Costco did not withdraw this motion after receiving that ruling under the

13 assumption that Mr. Whatley could, at trial, support his opinion and therefore overcome the

14 deficiency in his report.  The Court finds that Mr. Whatley's report also contains insufficient

15 information regarding the other license agreements to determine if they are analogous or how

16 Mr. Whatley used them to support his opinion.  The lack of that information is problematic

17 because license agreements are very fact specific.  Unlike the analysis of the sanctions issue, the

18 fact that Mr. Whatley would have disclosed the information if asked is not persuasive regarding

19 this issue.  Instead, the report must contain sufficient information to determine if the

20 methodology and data Mr. Whatley used to support his reasonable royalty calculation were

21 reliable, but it does not.  Therefore, his reference to the undisclosed license agreements and their

22 royalty rates in paragraph 16 of his report is not admissible.  The Court leaves open the question

23 of whether or not it might reconsider the issue at trial if HHI produces copies of the license

24 agreements on which Mr. Whatley relied and if he offers a sufficient explanation of his

25

26

1  methodology and data.[2]

2                            **III.  CONCLUSION**

3          For all of the foregoing reasons, the Court GRANTS Costco's motion *in limine* regarding

4  reliance on the undisclosed license agreements (Dkt. #71).

5

6          DATED this 21st day of November, 2005.

7

8

9                                              *Mnt S Lasnik*

10                                             Robert S. Lasnik
                                               United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24  _____

25      [2] This ruling could also lessen the confusion for the jury and the prejudice to Costco that would
    result from allowing Mr. Whatley to opine about the unidentified licenses.

26
    ORDER GRANTING MOTION TO EXCLUDE
    EVIDENCE OF CONFIDENTIAL DOCUMENTS       -4-