UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
HOCKERSON-HALBERSTADT, INC.,       )
                                   )   No. C03-1188L
                    Plaintiff,     )
         v.                        )
                                   )   ORDER DENYING MOTION
COSTCO WHOLESALE CORPORATION,      )   TO EXCLUDE EVIDENCE
                                   )   REGARDING HEEL CUP MIDSPAN
                    Defendant.     )
_____)

## I. INTRODUCTION

This matter comes before the Court on a motion *in limine* filed by defendant Costco Wholesale Corporation ("Costco"). (Dkt. #90). Costco seeks to preclude plaintiff Hockerson-Halberstadt, Inc. ("HHI") from offering at trial any testimony that the heel cup midspan in the accused Costco shoe lies anywhere other than the top of the EVA material surrounding the heel cup, taken at the location of the cross-sectional cut.

For the reasons set forth below, the Court denies Costco's motion. The Court also notes that the findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984) (explaining that a ruling *in limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was

ORDER DENYING MOTION TO EXCLUDE
REGARDING HEEL CUP MIDSPAN

contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Subject to these principles, the Court issues this ruling for the guidance of the parties.

## II. DISCUSSION

As an initial matter, HHI argues that this motion is untimely because it was filed after the deadline. Costco correctly notes that the Court, during oral argument on the parties' motions for summary judgment, stated that the parties could file motions *in limine* after the deadline if necessitated by the Court's summary judgment rulings. Costco argues that this motion was a result of the Court's clarification of the location of the heel cup midspan in its summary judgment order. Based on that representation and the fact the motion was filed approximately one week after the issuance of the summary judgment order, the Court considers this motion to be timely.

The Court has not adopted the definition of the heel cup midspan currently advanced by Costco. Instead, the Court has ordered that "the measurement for the heel cup midspan must be taken at the top of where the support band is secured to the sidewalls of the heel cup at the outer edges of line 40 in Figure 6." Therefore, Costco's current motion cannot be viewed as a motion to simply exclude testimony that is inconsistent with a prior ruling. In fact, Costco's proposed construction is inconsistent with the Court's claim construction if the "top of the EVA material" is not the support band.

Costco appears to be seeking clarification of the Court's Markman ruling. The Court declines to clarify its prior order because it was clear, and because HHI has stated that it does not intend to offer testimony inconsistent with that order. Costco can object if HHI presents any testimony that is inconsistent with the Court's Markman rulings. Furthermore, Costco did not assert previously the claim construction language it now urges, so its argument is untimely. Finally, although Costco is correct that HHI's expert cannot testify in a manner inconsistent with

ORDER DENYING MOTION TO EXCLUDE
REGARDING HEEL CUP MIDSPAN           -2-

1  his expert report, it has not shown that the expert advanced the definition that Costco currently
2  asserts.

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES Costco's motion *in limine* regarding the heel cup midspan (Dkt. #90).

DATED this 21st day of November, 2005.

_____
Robert S. Lasnik
United States District Judge