UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
HOCKERSON-HALBERSTADT, INC., )
) No. C03-1188L
           Plaintiff, )
    v. )
) ORDER GRANTING MOTION
COSTCO WHOLESALE CORPORATION, ) TO EXCLUDE EVIDENCE
) REGARDING SIZE 8.5 SHOE
           Defendant. )
_____)

## I. INTRODUCTION

This matter comes before the Court on a motion *in limine* filed by defendant Costco Wholesale Corporation ("Costco"). (Dkt. #69). Costco seeks to preclude plaintiff Hockerson-Halberstadt, Inc. ("HHI") from offering at trial any testimony or evidence related to a size 8.5 women's shoe located by HHI.

For the reasons set forth below, the Court grants Costco's motion. The Court also notes that the findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984) (explaining that a ruling *in limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is

ORDER GRANTING MOTION
TO EXCLUDE SIZE 8.5 SHOE

free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Subject to these principles, the Court issues this ruling for the guidance of the parties.

## II.  DISCUSSION

The relevant period of time for the alleged infringement is between May 1997 and July 1999. Costco argues that because of the passage of time, it no longer has any shoes from that time period. As a result, the parties obtained two shoes from the manufacturer, one men's and one women's shoe. Both were size 7.5. HHI's expert report refers to a women's size 8.5 shoe. HHI's expert has stated that he obtained the shoe from his neighbor. HHI has not presented any evidence about when the shoe was produced. Costco argues that the shoe is of unknown origin and was first shown to Costco after discovery closed. Costco objects to the use of the shoe based on lack of authentication. Costco argues that HHI has not shown that the shoe was manufactured during the relevant time, it is unclear whether the molds and manufacturing processes were the same when the shoe was made, and the shoe may have been deformed during use by a consumer.

HHI argues that the shoe is self-authenticating under Federal Rule of Evidence 901(b)(4). Costco does not dispute that it is a Costco shoe. Costco, however, disputes that it is self-authenticating as a shoe that was either manufactured during the relevant time or identical to one. Without such evidence, the shoe is not admissible or relevant to HHI's effort to use it as an exemplar. Costco notes that markings on the shoe demonstrate that it was manufactured before the relevant time period. Although HHI argues that the shoe appears to be identical to shoes manufactured during the relevant time frame, such speculation cannot overcome the lack of authentication. HHI argues that it has numerous other methods to authenticate the shoe, such as testimony from its purchaser, but it has not offered that evidence in response to this motion.

HHI argues that Costco should be precluded from arguing that the size 8.5 shoe differs in any material way from shoes manufactured during the relevant time because it did not disclose

ORDER GRANTING MOTION
TO EXCLUDE SIZE 8.5 SHOE                -2-

1  that fact during discovery.  HHI, however, has not shown that it requested that information
2  during discovery.  Moreover, HHI did not disclose its possession of the shoe and intended
3  reliance on it until the close of discovery.  Costco also makes a compelling argument that the
4  size 8.5 shoe has been worn, which changes its measurements.  Although HHI argues that the
5  wear is not substantial, it is undisputed that the shoe is not identical to a shoe that has not been
6  worn.  The fact that the shoe has been worn therefore compounds the authentication problem.
7  Accordingly, evidence regarding the size 8.5 shoe will be excluded because the shoe is not
8  properly authenticated.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS Costco's motion to exclude evidence and testimony regarding the size 8.5 women's shoe (Dkt. #69).

DATED this 21st day of November, 2005.


_____
Robert S. Lasnik
United States District Judge