UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
HOCKERSON-HALBERSTADT, INC.,            )
                                        )   No. C03-1188L
            Plaintiff,                  )
      v.                                )
                                        )   ORDER REGARDING HHI'S
COSTCO WHOLESALE CORPORATION,           )   MOTIONS *IN LIMINE*
                                        )
            Defendant.                  )
_____  )

## I. INTRODUCTION

This matter comes before the Court on plaintiff Hockerson-Halberstadt, Inc's. ("HHI") "Motions *in Limine*" (Dkt. #68), which seeks to exclude ten broad categories of evidence including prior art references, testimony from Costco experts Ray Fredericksen and John Hansen, references to the prosecution history, and licensing agreements with third parties.

For the reasons set forth below, the Court grants in part and denies in part HHI's motion.[1] The Court also notes that the findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984) (explaining that a ruling *in*

---

[1] Because the Court finds that this matter can be decided on the parties' memoranda, declarations, and exhibits, HHI's request for oral argument is denied.

ORDER REGARDING HHI'S
MOTIONS *IN LIMINE*

*limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Subject to these principles, the Court issues this ruling for the guidance of the parties.

## II.  DISCUSSION

**A.     Prior Art References.**

HHI seeks to exclude testimony and evidence from Costco and/or its expert Ray Fredericksen regarding ten categories of prior art references. First, HHI seeks to exclude any and all prior art not cited in Mr. Fredericksen's expert reports. An expert's report must include "a complete statement of all opinions to be expressed and the basis and reasons therefore." Fed. R. Civ. P. 26(a)(2). Therefore, Mr. Fredericksen cannot rely on prior art not discussed in his expert report to support his opinions at trial. However, there is no reason why Costco or its other witnesses cannot rely on other prior art if appropriate.

Second, HHI seeks to exclude all prior art cited in Mr. Fredericksen's expert report or by Costco because the Court denied Costco's motion for summary judgement regarding invalidity. However, different burdens apply at summary judgment and at trial, so the Court's denial of summary judgment does not require exclusion of the evidence at trial. Third, HHI seeks to exclude any references to prior art not discussed in Costco's opposition to HHI's motion for summary judgment. The Court finds that Costco did not waive invalidity arguments by choosing not to present them in opposition to summary judgment. In its fourth and fifth categories, HHI seeks to exclude references to the Fukuoka shoe regarding anticipation. Those issues are now moot because the Court granted HHI's motion for summary judgment regarding anticipation.

Sixth, HHI seeks to exclude all prior art relevant to the obviousness defense because Costco's assertions on that issue are vague and unsupported. The Court does not find that Mr. Fredericksen's description of the prior art regarding obviousness is inadmissibly vague or

ORDER REGARDING HHI'S
MOTIONS *IN LIMINE*                                   -2-

unsupported.  Mr. Fredericksen opines that the need existed for a shoe that provided greater support and shape retention, and describes examples of how prior art teach the same or similar use of a support band to alleviate the problem.  The report also describes how each of the cited prior art references used a support band.  The request to exclude the prior art references on this basis is therefore denied.

Seventh, HHI seeks to exclude arguments regarding the "teaching, motivation, or suggestion of the desirability of combining known prior art elements" because Mr. Fredericksen's report does not adequately address that issue.  The Court finds that Mr. Fredericksen's report contains an opinion on that issue which is not impermissibly vague or unsupported.  Eighth, HHI seeks to exclude references to the Lasse Viren shoe regarding the obviousness defense because Mr. Fredericksen has not seen the actual shoe; he has relied on pictures.  The shoe itself, however, is not obtainable through no fault of Costco's; the photographs are therefore admissible.  Fed. R. Evid. 1004(2).  Ninth, HHI seeks to exclude the Japanese patent allegedly corresponding to the Lasse Viren shoe because the patent is difficult to understand and does not clearly identify or describe the relevant elements.  Proper authentication of the patent is necessary.  However, the Court will not exclude the patent because it, like most patents, is difficult to understand.  HHI will of course be permitted to present its own evidence about the patent's meaning and any ambiguities.

Finally, HHI seeks to exclude references to "Fukuoka, Holcombe, Cutler, Halberstadt and 'additional shoes'" because those references were presented in conclusory form in Mr. Fredericksen's report.  As set forth above, the Court does not find that Mr. Fredericksen's opinion regarding obviousness is impermissibly vague.  However, Mr. Fredericksen cannot base his opinion on prior art that he did not address in his report, the reference to "additional shoes" not withstanding.    Fed. R. Civ. P. 26(a)(2).

ORDER REGARDING HHI'S
MOTIONS *IN LIMINE*                    -3-

**B.    The Level of Ordinary Skill in the Art.**

HHI seeks to exclude all testimony by Costco or Mr. Fredericksen as to the level of ordinary skill in the art at the time of the invention other than Mr. Fredericksen's statement: "A person of ordinary skill in the relevant art is one who understands the basic principles of shoe construction and wear." HHI's Motion at p. 6. Specifically, HHI seeks to exclude Mr. Fredericksen from opining, as Costco did in its summary judgment filings, that one of ordinary skill in the art would have considered innovation and improvements. Mr. Fredericksen's report, however, explicitly makes that assertion and describes the types of innovation and improvements that individuals were attempting at the time. See Dkt. #77-2 at ¶¶ 3, 4.

**C.    Lay Opinion Testimony.**

HHI "anticipatorily objects" to expert testimony being offered through lay witnesses if Costco's expert testimony is excluded or limited. HHI's requests are undefined at this point; the Court will not give an advisory ruling on the issue. HHI can renew the request at trial if necessary in the context of a specific witness.

**D.    Footwear Royalty Rates.**

HHI moves to exclude testimony from Costco expert witnesses Ray Fredericksen and John Hansen regarding royalties in the footwear industry. HHI argues that neither is qualified as an expert to opine about royalty rates. The request is denied as moot. Costco has stated that it does not intend to solicit that testimony from Mr. Fredericksen. HHI filed a separate motion challenging Mr. Hansen's knowledge and alleged expertise, and the Court has ruled on that motion.

**E.    Prosecution History.**

HHI moves to limit or exclude introduction of the prosecution history regarding the examination and reexamination of the '895 patent. Costco agrees that the prosecution history is generally not relevant, and would be relevant only if HHI pursues a claim under the doctrine of

ORDER REGARDING HHI'S
MOTIONS *IN LIMINE*                        -4-

equivalents. Therefore, the Court will consider this issue in connection with Costco's motion to exclude evidence regarding the doctrine of equivalents.

**F.     Reference to Undisputed Claim Elements.**

HHI moves to exclude Costco from asserting a position at trial contrary to the position it took in opposition to HHI's motion for summary judgment. Specifically, HHI argues that Costco should not be permitted to argue that its shoes lack any of the elements of the '895 patent except the elements challenged at summary judgment. HHI has not cited any authority in support of its argument, and the Court finds that Costco is not limited by the arguments it made in its summary judgment filings.

**G.     Settlement/Licensing Agreements.**

HHI seeks to exclude its settlement/licensing agreements with third parties and any reference to the dollar amount or per unit royalty rates set forth in those agreements. HHI argues that the agreements are settlement agreements and therefore inadmissible under Fed. R. Evid. 408.

HHI moved to exclude the same evidence in its prior motion to exclude or limit the expert testimony of John Hansen regarding damages issues. The Court denied the motion with respect to the licensing agreements finding that they were relevant, that Mr. Hansen had not considered the settlement agreements in forming his opinion, and that HHI had not presented sufficient evidence that the remaining 30 agreements were settlement agreements rather than licensing agreements. (Dkt. #78) (noting that HHI knew prior to the 30(b)(6) deposition that Costco planned to inquire into the circumstances surrounding the formation of the agreements, yet their representative disclaimed any knowledge of the agreements or their formation). The Court also found that the agreements were relevant to the hypothetical negotiation, and the trier of fact could draw its own conclusions regarding how the licenses would have affected the hypothetical negotiation. The Court denies HHI's second request to exclude the agreements for the same

ORDER REGARDING HHI'S
MOTIONS *IN LIMINE*                -5-

reasons set forth in its prior order.[2]

**H.  Propet Royalty Rate.**

HHI seeks to exclude all testimony, evidence, and reference to the jury's awarded royalty rate in *HHI v. Propet*. Costco does not oppose the request. For that reason and for the reasons set forth in HHI's motion, the *Propet* royalty rate will be excluded.

**I.  Testimony of John L. Hansen.**

In addition to the relief sought in its separately filed motion *in limine* regarding Mr. Hansen, HHI seeks to exclude Mr. Hansen's opinion based "on profit information extrapolated from Costco's annual reports and other data." HHI's Motion at p. 12. Mr. Hansen included in his report a range for Costco's overall gross margins for its sales and its operating profits; the numbers were based on Costco's Form 10-K for part of the relevant time period. (Dkt. #77-4). Mr. Hansen used the data to support his conclusion that "Costco's low margins on the accused shoes and pricing policies would have placed downward pressure on the royalty payment that Costco would have been willing to pay at the time of the hypothetical negotiation." Id. HHI states that it "does not agree that general assumptions on pricing and profit practices based on 10-K percentages are reliable or material, much less a generally accepted method of determining the pricing and/or profit margin for a particular product." HHI's Motion at p. 12. Costco counters that it is reasonable for Mr. Hansen to compare Costco's overall profit margins with its profits on the accused shoes to demonstrate that its actual profits were consistent with expected profits. The form 10-K profit information is relevant to Costco's business practices and pricing structure, which is relevant to the hypothetical negotiation of a reasonable royalty. HHI has not

---

[2] HHI did not submit copies of the agreements to the Court in support of its earlier motion or in support of this motion. Instead, HHI submitted copies of the agreements for the first time with its reply in support of this motion. HHI should have filed the agreements with its earlier motion or with this motion. Filing them with the reply was untimely and the Court grants Costco's request to strike them.

ORDER REGARDING HHI'S
MOTIONS *IN LIMINE*                -6-

shown that consideration of the data as one of many factors is inappropriate or unreliable. Although HHI argues that the data is incomplete, it will be free to cross-examine Mr. Hansen on that topic.

**J.      Photos of the Sample Shoes.**

HHI moves to exclude testimony as to the measurements of the sample shoes based on measurements taken of the photos or pressure stats because the shoes themselves are the best evidence. Costco does not intend to introduce measurements of the shoes taken from photos. Regarding the pressure stats, Mr. Fredericksen has opined that the method is reliable, and HHI has not presented contrary evidence. Therefore, this request is denied.

Finally, HHI moves to limit or exclude the testimony of Costco expert Ray Fredericksen. The Court advised HHI that its motion was overlength, and HHI elected to file a separate motion regarding that issue. (Dkt. #87). Therefore, the Court will consider the issue in the context of that motion.

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART HHI's "Motions *in Limine*" (Dkt. #68).

DATED this 29th day of November, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge