UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
HOCKERSON-HALBERSTADT, INC.,        )
                                    )   No. C03-1188L
            Plaintiff,              )
     v.                             )
                                    )   ORDER DENYING MOTION
COSTCO WHOLESALE CORPORATION,       )   TO EXCLUDE DOCTRINE OF
                                    )   EQUIVALENTS TESTIMONY
            Defendant.              )
_____)

## I. INTRODUCTION

This matter comes before the Court on a motion *in limine* filed by defendant Costco Wholesale Corporation ("Costco"). (Dkt. #92). Costco seeks to preclude plaintiff Hockerson-Halberstadt, Inc. ("HHI") from offering at trial any testimony that Costco's shoes infringe the '895 patent under the doctrine of equivalents.

For the reasons set forth below, the Court denies Costco's motion. The Court also notes that the findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984) (explaining that a ruling *in limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is

ORDER DENYING MOTION TO EXCLUDE
DOCTRINE OF EQUIVALENTS TESTIMONY

free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Subject to these principles, the Court issues this ruling for the guidance of the parties.

## II.  DISCUSSION

HHI argues that this motion is untimely because it was filed after the deadline to file dispositive motions.  Costco correctly notes that the Court, during oral argument on the parties' motions for summary judgment, stated that the parties could file motions *in limine* after the deadline if necessitated by the Court's summary judgment rulings.  Costco argues that this motion is timely because the claim language was disputed during the summary judgment proceedings, so it was unclear how the doctrine of equivalents would apply until the interpretation of the literal claim language was resolved.  However, the Court issued its claim construction order months before the motions *in limine* were due.  Costco does not reference any specific terms that were clarified in the summary judgment rulings or explain how those clarifications altered its theory of the applicability of the doctrine of equivalents.

Moreover, the Court finds that this motion should have been filed earlier in the case as a dispositive motion.  For these reasons, the motion is denied as untimely.

Finally, it is unclear at this point whether HHI will pursue a doctrine of equivalents claim,  so the motion may be moot.  To the extent that the motion raises outstanding legal issues, the Court will resolve those in the context of jury instructions.

## III.  CONCLUSION

For all of the foregoing reasons, the Court DENIES Costco's motion to exclude testimony regarding the doctrine of equivalents (Dkt. #92).

DATED this 5th day of December, 2005.

Robert S. Lasnik
United States District Judge