1

2

3

4

5

6                                UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
7                                        AT SEATTLE

8   _____
                                           )
9   HOCKERSON-HALBERSTADT, INC.,           )
                                           )          No. C03-1188L
10                         Plaintiff,      )
                                           )
    v.                                     )
11                                         )          ORDER DENYING RENEWED
    COSTCO WHOLESALE CORPORATION,          )          MOTION FOR JUDGMENT AS A
12                                         )          MATTER OF LAW AND
                           Defendant.      )          ALTERNATIVE MOTION
13  _____)

14

15                                  **I.  INTRODUCTION**

16          This matter comes before the Court on plaintiff Hockerson-Halberstadt, Inc.'s ("HHI")

17  Renewed Motion for Judgment as a Matter of Law and Alternative Motion for New Trial and/or

18  to Alter or Amend the Judgment (Dkt. #145).  During the trial, HHI made a motion for judgment

19  as a matter of law, which the Court denied.  It now renews its motion, and in the alternative,

20  moves for a new trial and/or to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(a)

21  & (e).

22          For the reasons set forth below, the Court denies HHI's motion.

23                                  **II.  DISCUSSION**
    **A.   Standards.**
24
            Judgment as a matter of law is appropriate when "a party has been fully heard on an issue
25
    and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on
26

    ORDER DENYING MOTION FOR
    JUDGMENT AS A MATTER OF LAW

1    that issue." Fed. R. Civ. P. 50(a)(1).  This Court applies Ninth Circuit law, rather than Federal

2    Circuit law.  See, e.g., Microstrategy Inc. v. Business Objects, S.A., 429 F.3d 1344 (Fed. Cir.

3    2005).  HHI must prove that "the evidence, construed in the light most favorable to the non-

4    moving party, permits only one reasonable conclusion, and that conclusion is contrary to the

5    jury's." Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002).

6        The Court also applies Ninth Circuit law to the motion for a new trial.  See, e.g., Union

7    Carbide Chems. & Plastic Tech. Corp. v. Shell Oil Co., 308 F.3d 1167, 1182 (Fed. Cir. 2002).

8    The Court may grant a new trial if the verdict is contrary to the clear weight of evidence, or is

9    based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a

10   miscarriage of justice.  United States v. 4.0 Acres of Land, 175 F.3d 1133, 1139 (9th Cir. 1999).

11   **B.    Analysis.**

12       HHI argues that the jury's findings regarding infringement were clearly erroneous and

13   contrary to law because they were based on incorrect measurements taken by Costco's expert.

14   HHI argues that Costco's expert incorrectly measured the lower rim because he did not measure

15   above the widest portion of the heel, he measured the shoe while it was being worn, and he used

16   a Pressure Stat system which does not yield accurate measurements.  However, Costco's

17   expert's measurement of the lower rim was consistent with this Court's prior orders.  Although

18   the Court's summary judgment order rejected HHI's argument that the measurement should be

19   taken "when the shoe is striking the ground during athletic use," nothing in the Court's orders

20   prohibits measuring the shoe while it is being worn.  Also, Costco offered evidence during trial

21   showing that the Pressure Stat method was reliable, and HHI did not offer any contrary

22   evidence.

23       HHI also argues that Costco's expert measured the midspan at an incorrect location, and

24   his trial testimony and the jury's findings were based on that error.  HHI contends that Costco's

25   expert measured at the top of the EVA material without considering whether that location was

26

ORDER DENYING MOTION FOR
JUDGMENT AS A MATTER OF LAW          -2-

1 the support band and whether it included material that was functional or purely cosmetic.

2 However, Costco's expert testified that he took the measurement at the top of the support band,

3 "which is critical in providing support." Trial Transcript (Dkt. #157-2) at pp. 51-52. The jury

4 was entitled to credit that testimony.

5      HHI also contends that Costco did not establish that its shoes lacked a wall means that

6 inclines upwardly. However, Costco's expert testified that Costco's shoes did not include that

7 structure. HHI has not shown that his testimony was false. The presence or absence of a

8 particular claim element is a question of fact, not a question of law as HHI alleges.

9      In sum, HHI has not shown that a new trial or relief from judgment is warranted.

10 Because the Court denies HHI's motion with respect to the jury's findings on infringement, it

11 need not address HHI's additional contentions regarding damages.

**III. CONCLUSION**

13      For all of the foregoing reasons, the Court DENIES HHI's motion for judgment as a

14 matter of law and alternative motion (Dkt. #145).

15

16      DATED this 14th day of February, 2006.

17

18

19

20 Robert S. Lasnik
United States District Judge

21

22

23

24

25

26

ORDER DENYING MOTION FOR
JUDGMENT AS A MATTER OF LAW     -3-